# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID MUCKLEROY<br><br>Plaintiff,<br><br>v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC<br><br>Defendant. | Civil Action No. |

## I.  COMPLAINT

1. This is an action for damages brought by the individual consumer, David Muckleroy, against Defendant, Portfolio Recovery Associates for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq*., and other state common law rights.

## II.  JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## III.  THE PARTIES

4. Plaintiff David Muckleroy is an adult individual residing in 1602 Park Street, Apartment 1602, Nacogdoches, TX 75961.

5. Defendant Portfolio Recovery Associates is a business entity that regularly conducts business in Philadelphia County, Pennsylvania, and which has its principal office

located at 120 Corporate Blvd., Norfolk, VA 23502.  The principal purpose of Defendant is the collection of debts already in default using the mails and telephone, and Defendant regularly attempts to collect said debts.

## IV.     FACTUAL ALLEGATIONS

6. At all pertinent times hereto, Defendant was hired to collect a debt allegedly owed to Capital One Bank (hereafter the "debt").

7. The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes.

8. In or around January 2011, Defendant contacted Plaintiff in a attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted.  Plaintiff stated that said debt was nearly twenty years old.  In response, Defendant threatened to sue Plaintiff and that Plaintiff would be held "liable in court".

9. Notwithstanding the above, in or around January 2011, Defendant again contacted Plaintiff in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted.  Plaintiff again represented that said debt was nearly twenty years old, to which Defendant threatened, "there are ways for us to get our money."

10. Notwithstanding the above, in or around January 12, 2011, Defendant again contacted Plaintiff in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted.  Plaintiff informed Defendant that he had retained legal counsel, gave Defendant the name and telephone number of Plaintiff's attorney and again requested that Defendant stop calling him.

11. Notwithstanding the above, throughout January and February 2011, Defendant continued to contact Plaintiff in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted.

12. Defendant acted in a false, deceptive, misleading and unfair manner when it communicated with a consumer when the Defendant knew, has knowledge of or can readily ascertain that the consumer is represented by an attorney.

13. Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

14. Defendant acted in a false, deceptive, misleading and unfair manner by falsely representing the amount, character or legal status of the debt.

15. Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that cannot legally be taken or that is not intended to be taken.

16. Defendant acted in a false, deceptive, misleading and unfair manner by using false, deceptive, or misleading representations or means in connection with the collection of any debt.

17. Defendant knew or should have known that its actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring its agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

18. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

19.     At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

20.     As a result of the acts and/or omissions of Defendant, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## V.     COUNT I - VIOLATIONS OF THE FDCPA

21.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

22.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

23.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

24.     The above contacts between Defendant and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. §§ 1692a(2) and 1692a(5) of the FDCPA.

25.     Defendant violated the FDCPA.  Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692c(a)(2), 1692d, 1692e(2)(A), 1692e(5), 1692e(10), and 1692f as evidenced by the following conduct:

   (a) Communicating with a consumer when the Defendant knew that the consumer is represented by an attorney;

   (b) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse such person in connection with the collection of a debt;

(c) Falsely representing the amount, character or legal status of the debt;

(d) Falsely threatening to take legal action that cannot or is not intended to be taken; and

(e) Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect the alleged debt from a consumer.

26. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

27. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

## VI.   COUNT II - INVASION OF PRIVACY

28. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

29. Defendant invaded the privacy of Plaintiff by repeatedly contacting the Plaintiff after Defendant knew that Plaintiff was being represented by an attorney.

30. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to compensate Plaintiff for the full amount of actual, compensatory and punitive damages, as well as such other relief, permitted under the law.

## VII.   JURY TRIAL DEMAND

31. Plaintiff demands trial by jury on all issues so triable.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a)   actual damages;

(b)   statutory damages

(c)   punitive damages;

(d)   costs and reasonable attorney's fees; and

(e)   other and further relief as may be just and proper.

Respectfully Submitted,

**FRANCIS & MAILMAN, P.C.**

BY:  */s/ Mark D. Mailman*
   MARK D. MAILMAN, ESQUIRE
   ERIN A. NOVAK, ESQUIRE
   Land Title Building, 19th Floor
   100 South Broad Street
   Philadelphia, PA 19110
   (215) 735-8600
   Attorneys for Plaintiff

DATE: June 3, 2011